UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                     Case No. 6:14-cv-1535-Orl-22TBS

DEMETRIUS SCOTT individually and d/b/a
LBS TAX SERVICES, NEIGHBORHOOD
TAX PROS, LLC, and TAX GIANT, LLC,

    Defendant.
_____/

## ORDER

Plaintiff The United States of America alleges that Defendant Demetrius Scott individually and as the sole owner of LBS Tax Services, Neighborhood Tax Pros, LLC and Tax Giant, LLC owns and operates at least 30 tax return preparation stores in Florida, Georgia, North Carolina and South Carolina. (Doc. 1). Plaintiff avers that Defendant has violated federal tax laws by continually and repeatedly causing the preparation of false and fraudulent federal income tax returns thus causing the loss of millions of dollars in taxes. (Id.). Plaintiff further alleges that Defendant's customers now face large income tax debts and may be liable for sizeable penalties and interest. (Id.)

Pending before the Court is the United States' Motion for Leave to Take More than 10 Fact Depositions (Doc. 23). Plaintiff desires to take a sufficient number of depositions to provide the Court with testimony from witnesses whose tax returns were prepared in several different geographic areas and in several different years to support its allegations of widespread and systemic preparation of fraudulent tax

returns. (Id.). Plaintiff also wishes to depose Defendant's employees and other persons associated with Defendant's tax preparation business. (Id.). To accomplish this discovery, Plaintiff would like to take up to 100 fact depositions. (Id.). Defendant does not agree to the 100 depositions requested by Plaintiff but has agreed to 210 hours of time for fact depositions. (Id.).

When a party seeks leave of court to take more than the ten depositions allowed by Fed. R. Civ. P. 30(a)(2)(A), the Court considers the principles set out in Rule 26(b)(2)(C):

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C). These concerns are adequately addressed and satisfied because Defendant consents to up to 210 hours of deposition time and Plaintiff has agreed to this procedure. Accordingly, after due consideration the motion is GRANTED. Plaintiff may take an unlimited number of fact depositions provided the total time for all of Plaintiff's fact depositions combined may not exceed 210 hours.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on December 1, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel